# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALLEGIANCE ADMINISTRATORS, LLC<br>5500 Frantz Road, Suite 100<br>Dublin, OH 43017<br><br>    Plaintiff,<br><br>v.<br><br>JNZ PROTECTION, LLC<br>DBA AMERICAN AUTO PROTECTION<br>6381 National Pike<br>Grindstone, PA 15442-1190<br><br>    Also serve c/o:<br>    United States Corporation Agents, Inc.<br>    Statutory Agent<br>    1729 West Tilghman Street Rear<br>    Allentown, PA 18109<br><br>and<br><br>JAMES BLAKEY<br>17712 Cameron Lane<br>Huntington Beach, CA 92647-6998<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

# COMPLAINT
# WITH JURY DEMAND

Now comes Plaintiff Allegiance Administrators, LLC, ("Allegiance" or "Plaintiff") by and through counsel, and for its Complaint against Defendants JNZ Protection, LLC DBA American Auto Protection ("JNZ") and James Blakey, upon personal knowledge as to itself and its own acts and upon information and belief as to all other matters, alleges as follows:

**PARTIES**

1. Plaintiff Allegiance is an Ohio limited liability company with an address of 5500 Frantz Road, Suite 100, Dublin, Ohio 43017, which is its principal place of business. Allegiance is a citizen of Ohio.

2. Defendant JNZ Protection, LLC DBA American Auto Protection is a Pennsylvania limited liability company and a citizen of Pennsylvania with an address of 6381 National Pike, Grindstone, PA 15442-1190, and c/o its statutory agent, United States Corporation Agents, Inc., 1729 West Tilghman Street Rear, Allentown, PA 18109.

3. Defendant James Blakey is an individual citizen of California with a mailing address of 17712 Cameron Lane, Huntington Beach, CA 92647-6998, and is an owner, officer, and principal of JNZ.

**JURISDICTION AND VENUE**

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Defendants have sufficient contact with this district generally and, in particular, with respect to the events alleged herein so as to subject them to personal jurisdiction in this Court.

8. Venue is proper in the Southern District of Ohio because the events giving rise to this dispute arose in the Southern District of Ohio and the agreement upon which the claim is based contains a venue-selection clause wherein the parties agreed to venue in courts located in Franklin County, Ohio, which includes this Court.

## FACTS

9. On or about September 7, 2017, Allegiance and JNZ entered into that certain Assignment Agreement (the "Agreement"), pursuant to which Allegiance agreed to advance, and JNZ agreed to repay, certain funds. A copy of the Agreement is attached hereto as Exhibit "1."

10. Allegiance performed under the Agreement and advanced certain funds to JNZ.

11. JNZ is in default under the Agreement by, *inter alia*, failing to repay the funds advanced by Allegiance, failing to make any payments to Allegiance for more than 21 days, and ceasing the sale of vehicle service contracts administered by Allegiance before repaying the funds advanced by Allegiance. These defaults commenced in or about March 2018 and continue through the present date.

12. In total, Allegiance advanced over $100,000.00 to JNZ (the "Advanced Funds"), and as of today's date, Allegiance has been damaged in excess of $75,000.00.

13. Mr. Blakey agreed that he would be personally responsible for the repayment of the Advanced Funds and personally guaranteed that JNZ would continue to sell vehicle service contracts administered by Allegiance at least until the Advanced Funds were repaid in full.

14. However, Mr. Blakey has caused JNZ to cease selling vehicle service contracts administered by Allegiance.

15. Defendants owe Allegiance the Advanced Funds plus interest, but have failed to pay these amounts, even after being informed of the amounts owed.

16. Mr. Blakey is also personally liable for all amounts due to Allegiance by JNZ under the Agreement including, without limitation, the amount of the Advanced Funds

remaining due as a result of both his personal representations to Allegiance and under veil-piercing and alter ego doctrines.

17. Mr. Blakey personally represented to Allegiance that he would agree to be personally responsible for the repayment of the Advanced Funds, holding himself out as personally liable for this repayment obligation and creating an oral agreement with Allegiance.

18. JNZ is the "alter ego" of Mr. Blakey in that it is or was grossly undercapitalized.

19. Allegiance has direct evidence of this undercapitalization because, for example, the Advanced Funds were used, in large part, to fund the payroll for JNZ.

20. Mr. Blakey also used the Advanced Funds to enrich himself directly or via accepting those funds as salaries.

21. JNZ failed to observe corporate formalities, maintain accurate corporate records, and Mr. Blakey diverted funds or other property for his individual use, all factors justifying disregarding the corporate fiction under veil-piercing and alter ego doctrines.

22. Mr. Blakey fraudulently induced Allegiance to enter into the business relationship by making various oral misrepresentations and by executing the Agreement and accepting the Advanced Funds when Defendants had no intention of repaying Allegiance or of selling vehicle service contracts administered by Allegiance at least until the Advanced Funds were repaid in full.

23. Instead, Defendants diverted the Advanced Funds for, *inter alia,* payments to Mr. Blakey.

## COUNT I

## BREACH OF CONTRACT

24. Allegiance incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

25. Mr. Blakey agreed to personally fulfill the obligations of JNZ under the Agreement and agreed separately to repay the Advanced Funds.

26. Allegiance fully performed under the Agreement and Mr. Blakey's separate agreement.

27. However, Defendants breached the agreements by, *inter alia*, failing to repay the funds advanced by Allegiance, failing to make any payments to Allegiance for more than 21 days, and has ceased the sale of vehicle service contracts administered by Allegiance.

28. Therefore, Defendants are liable to Allegiance in an amount in excess of $75,000, representing the amount of the Advanced Funds that have not yet been repaid, inclusive of interest.

## COUNT II

## UNJUST ENRICHMENT

29. Allegiance incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

30. Allegiance pleads this count in the alternative.

31. Allegiance has advanced funds to Defendants, and Defendants have accepted and retained these funds despite knowing that they have an obligation to repay these Advanced Funds to Allegiance.

32. It is unjust for Defendants to retain monies resulting from the advancement of funds by Allegiance, when Defendants are aware of their obligations to repay those monies to Allegiance.

33. Defendants have been unjustly enriched by retaining funds advanced by Allegiance without repaying those funds pursuant to the agreements and understandings among the parties which conditioned the advancement of those funds.

34. It would be unjust and inequitable to allow Defendants to retain the Advanced Funds without repayment to Allegiance.

35. Therefore, Defendants must be made to pay to Allegiance an amount in excess of $75,000, representing the amount of the Advanced Funds that have not yet been repaid, inclusive of interest.

## COUNT III

## PROMISSORY ESTOPPEL

36. Allegiance incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

37. Allegiance pleads this count in the alternative.

38. Defendants clearly and unambiguously promised to repay the Advanced Funds, and Allegiance reasonably relied upon this promise to Allegiance's detriment.

39. Defendants have failed to repay the Advanced Funds, though they had promised to do so as evidenced by their partial repayment of the Advanced Funds.

40. Defendants must repay to Allegiance the full amount of the Advanced Funds as promised.

41. It would be inequitable to allow Defendants to retain the Advanced Funds that Defendants have failed to repay to Allegiance.

42. Therefore, Defendants must repay Allegiance an amount in excess of $75,000, representing the amount of the Advanced Funds that have not yet been repaid, inclusive of interest.

## COUNT IV

## ALTER EGO/PIERCING THE CORPORATE VEIL

43. Allegiance incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

44. Mr. Blakey is liable to Allegiance for the amounts owed by JNZ as set forth above under the doctrines of alter ego and piercing the corporate veil.

45. JNZ was grossly undercapitalized, as evidenced by its reliance upon the Advanced Funds to continue operations and pay payroll.

46. JNZ has failed to observe proper corporate formalities both in its operations and record-keeping.

47. JNZ was insolvent at the time Mr. Blakey agreed to accept the Advanced Funds.

48. Mr. Blakey agreed to be personally responsible for the repayment of the Advanced Funds and thus held himself out as being personally liable for JNZ's corporate obligations.

49. Mr. Blakey was personally enriched by the Advanced Funds, either directly, or by paying himself a salary through JNZ from the Advanced Funds.

50. Mr. Blakey is the owner and founder of JNZ.

51. Mr. Blakey acted in bad faith in failing to repay, or to cause JNZ to repay, the balance of the Advanced Funds owed to Allegiance.

52. Mr. Blakey exercised domination and control over JNZ that was so complete that JNZ has no separate mind, will, or existence of its own by, *inter alia*, failing to observe corporate formalities, commingling funds, undercapitalizing JNZ, and taking the actions described above.

53. That domination and control was used to wrong Allegiance.

54. It would be simply inequitable to allow Mr. Blakey to abuse and pervert the corporate process to retain the funds owed to Allegiance, which retention damaged Allegiance.

55. Further, justice requires that the assets of Mr. Blakey be used to repay Allegiance the amounts owed for the Advanced Funds.

## **PRAYER FOR RELIEF**

WHEREFORE, ALLEGIANCE prays for judgment in its favor against the Defendants jointly and severally in the total amount of, at a minimum, $75,000, plus the full cost of pursuing this action inclusive of attorney fees, court costs and service fees, plus post-judgment interest and other such relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial to a jury on all issues so triable.

Respectfully submitted,

**/s/ Robert Huff Miller**
Robert Huff Miller (0076939)
ROBERT HUFF MILLER LLC
100 East Broad Street, 16th Floor
Columbus, OH  43215
Telephone: 614.384.5794
Facsimile: 614.441.9280
Email: rob@roberthuffmiller.com
*Counsel for Plaintiff*